Jermetras Watson
P.O. Box 4970
Orlando, FL 32802

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JERMETRAS DEANGELO WATSON,
  Plaintiff

vs.

LOUIS A QUINONES JR.,
Chief of Orange County
Correction Department.

TARLIKA NUNEZ-NAVARRO,
CIRCUIT COURT JUDGE OF THE
NINTH JUDICIAL CIRCUIT FOR
ORANGE COUNTY, FLORIDA.

DALTON HAMMER, Law Enforcement
Officer of Orange County.

RALPH RONALD MAIOLINO III,
Assistant State Attorney,

CASE NO.: 6:23-cv-1063-PGB-EJK

FILED 2023 JUN 16 PM 2:25

i.

## JURISDICTION AND VENUE

This is a Civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA - is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

Plaintiff, Jermetras Deangelo Watson, a Pretrial detainee incarcerated at the Orange County Jail at all times mentioned herein a prisoner/inmate held in "violation of the Constitution or Laws or treaties of the United States."

## DEFENDANTS

Louis A. Quinones Jr., is the warden of Orange County Corrections Department and legally -

2.

responsible for the overall operation of the Orange County Corrections Department where "Plaintiff" are confined.

Tarlika Nunez-Navarro, is the Circuit Court Judge of the ninth Judicial Circuit for Orange county, Florida and Legally responsible for the overall sentence, and Judge presiding in "Plaintiff" Pending offenses.

Dalton Hammer, is the Law enforcement officer of Orange County Sheriff office for the overall arrest of "Plaintiff" in his pending offenses.

Ralph Ronald Maiolino III, is the assistant State Attorney Prosecuting the "Plaintiff" for the overall Pending offenses in "Violation of the Constitution or Laws or treaties of the United States."

Each "Defendant" is sued individually and in his or her official Capacity. At all times mentioned in this complaint each "Defendant" acted under the color of State Law.

## FACTS

Plaintiff, Jermetras Deangelo Watson, was arrested-

3.

by "Defendant" Dalton Hammer, for "indecent exposure of sexual organs" and "Exposure of sexual organs" 2nd. subsequent offense F.S. 800.03 (1)(A)-1 and Resisting officer without violence F.S. 843.02. "Defendant", Dalton Hammer, charged the "Plaintiff" of an (Subsequent offense) for the purpose of enhancement to an 3rd. degree felony in violation of the Constitution, "Ex Post Facto Clause".

"Defendant", Louis A. Quinones Jr., warden of Orange County Jail, where "Plaintiff" is incarcerated since 5/16/22 of the (subsequent offense) in violation of the constitution, "Ex Post Facto Clause", without Bail.

"Defendant," Ralph Ronald Maiolino II, Prosecute the Plaintiff in "Violation of the constitution, Ex Post Facto Clause or Laws or treaties of the United States, with out Bail, of the (Subsequent offense).

"Defendant", TarLika Nunez-Navarro, refuse to allow "Plaintiff," his due process right to Bail and deemed him by her personal remarks, "A threat and danger to the community" based on the (Subsequent offense) in violation of Ex Post Facto Clause.

## EXHAUSTION OF LEGAL REMEDIES

Plaintiff, Jermetras Deangelo Watson, filed many motions (Pro-se) and with Counsel of the violation of (Ex Post Facto Clause) and many other Constitution violation and the Court/Defendants ignore and will not review the error's and violations of the Constitution that the "Plaintiff" has put the Court on (NOTICE) of all the error's to solve the problems. "Plaintiff", has exhaust the court procedure and presented the facts relating to this Complaint and "Defendant's" continue to Prosecute the "Plaintiff" without acknowledging the constitution violations of (Due Process) and (Ex Post Facto Clause).

(See, EXHIBIT-A)

## LEGAL CLAIMS

The (Defendant's) violate the (Ex Post facto clause) and (Double Jeopardy) of the Constitution by charging the "Plaintiff" with a (subsequent offense) and charging two different offenses of exposure of sexual organs" in the same statute. Pursuant to Article I, Section 9, No bill of Attainder or Ex Post Facto Law shall be passed" and Section 10, No state shall pass any bill of Attainder, ex post facto law, or Law impairing the obligation of Contracts. (See, EXHIBIT-A); to support the violation of the (Ex Post facto clause).

5.

Amendment V, No person shall be subject for the same offense to be twice put in jeopardy of Life or Limb; Nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of Life, Liberty, or property, without due process of Law; Nor shall private property be taken for public use, without Just Compensation. Amendment VIII, Excessive bail shall not be required, Nor excessive fines imposed, Nor cruel and unusual punishment inflicted. In the instant matter, the "Plaintiff" prior conviction in (2013) is an essential element for enhancement that affect his penalty, degree and the Level of a misdemeanor to an (3rd.) degree felony. "Defendant's" violate contract's of "Plaintiff" prior conviction in (2013) of an misdemeanor before the Legislature Amended Statute (800.03) for an subsequent offense as a predicate to enhance a misdemeanor to an (3rd.) degree felony was not effective until October 1, 2020, and not in (2013). The Florida Supreme Court has recognized four categories of "EX POST FACTO CLAUSE". See, <u>Rogers V. Tennessee No. 99-6218, held</u>:

> 1. Every Law that makes an action done before the passing of the Law.

6.

2. Every Law that aggravates a crime, or makes it greater than it was when committed.
3. Every Law that alters the Legal rules of evidence, and receives Less, or different, testimony, than the Law required at the time of the time of the Commission of the offense in order to convict.
4. Every Law that changes the punishment and inflicts a greater punishment, than the Law annexed to the crime, when committed.

"Plaintiff", Jermetras Deangelo Watson, prior conviction under the current (2020) statute of (800.03), does not qualify pursuant to previous (2013) statute of 800.03., which did not require an enhancement to an (3rd.) degree felony of an (subsequent) offense and the circuit court no Longer had Jurisdiction of "Plaintiff" (2013) prior offense. In short, the Law under which "Plaintiff" received his prior conviction is no Longer in effect, and for purposes of enhancement under the new statute of 800.03. (2020) by it's plain wording applies only to a conviction for the offense prescribed by the new statute of (2020).

Due Process prohibits -

7.

retroactive application of any Judicial construction of a criminal statute that is unexpected and indefensible by reference to the Law which has been expressed prior to the conduct in issue. See, Bouie V. City of Columbia, 378 U.S. 347, 354 84 S. Ct. 1697, 12 L.Ed. 2d 894. In "Plaintiff" instant matter, the "Defendant's" should not be the Legislator in any case, Because the will of the "Defendant's" would be Law and this tends to make the "Plaintiff", Jermetras Deangelo Watson, a slave to the state and Courts "ought never to be allowed to depart from the well known boundaries of express Law, into the wide fields of discretion, Because it safeguards "Plaintiff" against changes in the Law after the fact. The "Defendant's" cannot avowedly change to the "Plaintiff" disadvantage the criminal Law governing Past criminal acts and convictions, Because the "Defendant's" impair or Breach the contract's of prior Laws before the new Laws was inacted and effective. The Constitution, Article I, Section 10, "No state shall Pass any Law impairing the obligation of Contracts."

The "Defendant's" clearly violate the "Plaintiff" Due Process rights, by his incar-

8.

-ceration at the Orange County Jail without bail and clearly exhibiting a unwillingness to follow a (Stare Decisis) of the Law and "Ex Post facto" Law of similar situated Person's and (Precedent) of decisions based on earlier case Law, and binding Precedent must be followed, because it promotes stability and protects expectations and like facts will receive like treatment in a Court of Law. The Supremacy Clause of our Constitution, Article VI, cl. 2, U.S., provides that the Laws of the United States shall be the Supreme Law of the Land, anything in the Constitution or Laws of any state to the Contrary notwithstanding. <u>See, Time Warner Cable V. Doyle, 66 F.3d 867 (7th. Cir. 1995), See Also, Irwin V. Dept. of Veterans affairs, 498 U.S. 89, 100 n. 3, 111 S.Ct. 453, 460 n 3, 112 L.Ed. 2d 435 (1990), See, Flowers V. United States, 764 F.2d. 759 11th. Cir. (1985).</u> Applying these principles to the facts of the instant matter, the "Defendant's" Conduct here was (vindictive) as to violate Florida's due process clause and equal protection of the Laws. The "Plaintiff" has no plain, adequate or complete remedy at Law to redress the wrongs described herein. "Plaintiff" Jermetras Watson, has been-

9.

and will continue to be irreparably injured by the conduct of the "Defendant's" unless this court grants the declaratory and injunctive relief which "Plaintiff" seeks.

### RELIEF SEEKING

WHEREFORE, Plaintiff respectfully move this court enter Judgment (GRANTING) Plaintiff:

1. A declaration that the acts and omissions described herein violated "Plaintiff" rights under the Constitution and Laws of the United States.

2. A Preliminary and permanent injunction ordering "Defendant's" Louis A. Quinones Jr., Tarlika Nunez-Navarro, Dalton Hammer, and Ralph Ronald Maiolino III, (DISMISSAL) of an (felony offense) from Circuit court and transfer to an (misdemeanor) offense in county court, Based upon the due process provision of Article I, Section 9 of the Florida Constitution, governmental misconduct which violates the constitutional due process of person's "No matter the predisposition," requires the dismissal of criminal charges.

3. Compensatory damages in the amount of ($5,000.00) against each defendant, jointly and severally.

4. Punitive damages in the amount of ($10,000)

5. A Jury trial on all issues triable by Jury.

6. Plaintiff's cost in this suit.

7. Any additional relief this court deems just proper, and equitable.

DATE:

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matter alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

/S/ Jenmetras Watson