UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERMETRAS DEANGELO WATSON,

    Plaintiff,

v.                                      Case No. 6:23-cv-1063-PGB-EJK

LOUIS A. QUINONES, JR.,
TARLIKA NUNEZ-NAVARRO,
DALTON HAMMER and RALPH
RONALD MAIOLINO, III,

    Defendants.
_____/

### ORDER

THIS CAUSE is before the Court on *sua sponte* review of the docket. On June 28, 2023, the Court ordered Plaintiff to file an Amended Complaint and a Prisoner Consent Form and Financial Certificate within twenty-one days from the date of the Order. (Doc. 5.) Further, the Court notified Plaintiff that the failure to do so would result in the dismissal of this action without further notice. Plaintiff failed to file an Amended Complaint or Prisoner Consent Form and Financial Certificate. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

    1.    This case is **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate Plaintiff's Motion for Writ of Habeas Corpus to Set Bond (Doc. 8)[1] and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 25, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party

---

[1] Plaintiff initiated this action under 42 U.S.C. § 1983. To the extent Plaintiff subsequently filed a motion requesting to be released from custody on bond, § 1983 is not the appropriate statute by which to seek such relief. Rather, a habeas action is the appropriate method by which a prisoner may challenge the fact or duration of his physical imprisonment and seek a determination that he is entitled to immediate release or a speedier release from that imprisonment. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). Thus, if Plaintiff is seeking to be released on bond, he must initiate a habeas action to request such relief.